## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

WENDY K. SMITH                                                                              PLAINTIFF

v.                                          No. 4:12CV00284 JLH

HARDING UNIVERSITY, INC.                                                                 DEFENDANT

### OPINION AND ORDER

Wendy Smith commenced this action against Harding University, Inc., alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964. Harding moved to dismiss Smith's claim under Federal Rule of Civil Procedure 12(b)(6). Smith moved for leave to amend her complaint, and Harding moved to dismiss Smith's claim for a second time under Rule 12(b)(6). For the following reasons, Smith's motion for leave to amend her complaint is granted, and Harding's motions to dismiss are denied.

Harding hired Smith as an Administrative Assistant on August 15, 2011, and terminated her employment on November 16, 2011. Smith alleges that Harding fired her based on allegations that Smith had alcohol in her home, in violation of Harding's prohibition of alcohol, and served alcohol to a minor.[1] According to Smith, Harding fired her without investigating these allegations. Smith also alleges that Harding's male employees were not terminated for violating similar policies, including prohibitions of alcohol, extramarital sex, and sexual misconduct in the workplace. Smith alleges in her amended complaint, for instance, that a male employee of Harding has given cocktail parties at his home, serving other Harding university members. Instead of firing this employee, however, Smith alleges that Harding only informed the employee that he should "be careful." Smith

---

[1] Smith contends that she occasionally had alcohol in her home but never served alcohol to a minor.

also alleges that a male employee of Harding sexually assaulted a female employee, yet Harding fired the female after she filed a complaint about the incident, and Harding continues to employ the male.

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). Stated differently, the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

To establish a prima facie case of Title VII sex discrimination, Smith must demonstrate that she "(1) is a member of a protected class; (2) was qualified to perform her job; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of the protected class." *Wilkie v. Dep't of Health & Human Servs.*, 638 F.3d 944, 954-55 (8th Cir. 2011) (citing *Philip v. Ford Motor Co.*, 413 F.3d 766, 768 (8th Cir. 2005)). Harding

contends that Smith has failed to allege facts that she was treated differently than a similarly situated male employee, and therefore her Title VII claim must be dismissed. Smith, however, alleges that she was fired for having alcohol in her home and for a false accusation that she served alcohol to a minor. She also alleges that a male employee of Harding was not fired, and was only told to "be careful," for serving alcohol to university members more than once, even though Harding had knowledge that these instances occurred. Moreover, Smith alleges that male employees at Harding have violated Harding's sexual misconduct policies – policies which, according to Smith, are similar to the alcohol prohibition because they stem from Harding's religious values – without punishment. Smith, for instance, alleges that a male employee sexually assaulted a female employee, and the female employee was fired after filing a complaint, while Harding continues to employ the male. These facts, as stated in Smith's amended complaint, are sufficient to infer plausibly that Harding's treatment of Smith was different from Harding's treatment of similarly situated male employees at Harding.

Courts should grant motions for leave to amend one's complaint liberally. *See, e.g.*, *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1050 (8th Cir. 2010). A district court's denial of a motion for leave to amend is appropriate only when "undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). Harding has not opposed Smith's motion for leave to amend her complaint and therefore has not given the Court reason to find undue delay, bad faith, futility, or unfair prejudice.

For the reasons stated above, Smith's motion for leave to amend her complaint is GRANTED (Document #11), and Harding's motions to dismiss are DENIED (Documents #3 and #13).

IT IS SO ORDERED this 27th day of September, 2012.

                                                      _____
                                                      J. LEON HOLMES
                                                      UNITED STATES DISTRICT JUDGE